UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| METABANK dba META PAYMENT SYSTEMS, <br><br> Plaintiff, <br><br> vs. <br><br> CONDUENT BUSINESS SERVICES, LLC F/K/A XEROX BUSINESS SERVICES, LLC, <br><br> Defendant. | CIV. 19-4138 <br><br><br><br> **COMPLAINT** |

Plaintiff MetaBank dba Meta Payment Systems ("MetaBank") states as its Complaint against Defendant Conduent Business Services, LLC f/k/a Xerox Business Services, LLC ("XBS"), the following:

### PARTIES, JURISDICTION, AND VENUE

1.      MetaBank is a federally chartered savings bank with its principal place of business in Sioux Falls in the Southern Division of the District of South Dakota.

2.      XBS is a Delaware limited liability company with offices in Kentucky.

3.      The parties are diverse (citizens of different states) and the matter in controversy in this civil action exceeds $75,000.00.

4.      This Court has jurisdiction over this civil action under 28 U.S.C. § 1332(a).

5.      Venue in this Court is proper under 28 U.S.C. § 1391, because, among other reasons, MetaBank performed its contractual obligations in South Dakota.

### THE SERVICING AGREEMENT

6.      XBS wholly owns Xerox Card Services, LLC ("Servicer").

7.      MetaBank and Servicer entered the Servicing Agreement dated April 7, 2016 ("the Servicing Agreement").

8.      Under the Servicing Agreement, MetaBank agreed to act as the issuing bank for prepaid card programs managed, marketed, promoted, and serviced by Servicer, which issuing bank role included establishing systems to launch and run the prepaid card programs.

9.      Under the Servicing Agreement, Servicer owes monthly fees to MetaBank for the duration of the Servicing Agreement, which monthly fees are dependent upon prepaid card transaction volumes, but with minimum monthly fees ranging from $50,000.00 to $100,000.00 per month under Section II(G) of Schedule A of the Servicing Agreement.

10.     MetaBank performed its contractual obligations, but Servicer made a business decision not to launch the prepaid card programs.

11.     Following Servicer's decision to abandon the prepaid card programs, Servicer paid MetaBank the related a minimum monthly fee each month through and including February of 2019.

12.     Despite demand for payment, Servicer has failed to pay MetaBank the related minimum monthly fees under the Servicing Agreement from March 2019 through the present, which constitutes a breach of the Servicing Agreement.

13.     Servicer has unequivocally stated it will not pay any additional minimum monthly fees to MetaBank, which constitutes an anticipatory breach or actual breach of the Servicing Agreement with respect to the remaining duration of the Servicing Agreement and Servicer's remaining obligations to pay minimum monthly fees through that entire duration.

14.     Including the past due minimum monthly fees from March 2019 through the present and the remaining minimum monthly fees for the duration of the Servicing Agreement, Servicer owes MetaBank $3,900,000.00.

15.     Servicer's failure to pay MetaBank $3,900,000.00, including the portion from past due minimum monthly fees and the portion for remaining minimum monthly fees, constitutes a breach of the Agreement.

## THE GUARANTY

16.     On April 7, 2016, the same date Servicer and MetaBank executed the Servicing Agreement, MetaBank and XBS entered into the Parent Guaranty ("the Guaranty").

17.     Under the Guaranty, XBS unconditionally and irrevocably guaranteed Servicer's performance of all of its obligations under the Servicing Agreement.

18.     Paragraph 1 of the Guaranty states in relevant part as follows: "This Guaranty is irrevocable, unconditional and absolute, and if for any reason any such payments are not paid or such obligations are not performed, as the case may be, by Servicer when due, then, Guarantor will pay or perform the same or cause the same promptly to be performed."

19.     Paragraph 4 of the Guaranty states in relevant part as follows: "[MetaBank] need not take any action against the Servicer, any other guarantor, or any other person, firm or corporation or resort to any security held by it at any time before proceeding against [XBS]."

20.     No later than July 1, 2019, MetaBank provided notice to Servicer and XBS of Servicer's breach of the Servicing Agreement, specifically, Servicer's failure to pay the accrued and unpaid minimum monthly fees as described in this Complaint.

21.     No later than July 1, 2019, MetaBank provided notice to XBS that MetaBank intended to pursue remedies against XBS under the Guaranty in the event Servicer remained in breach of its payment obligations under the Servicing Agreement.

22.     To date, Servicer and XBS have failed to pay MetaBank the minimum monthly fees from March 2019 through the present, which constitutes a breach of the Servicing Agreement and Guaranty for which XBS is liable under the Guaranty.

23.     XBS has unequivocally stated neither it nor Servicer will pay any additional minimum monthly fees to MetaBank, which constitutes an anticipatory breach or actual breach of the Servicing Agreement and Guaranty for which XBS is liable under the Guaranty.

24.     Including the past due minimum monthly fees from March 2019 through the present and the remaining minimum monthly fees for the duration of the Servicing Agreement, XBS owes MetaBank $3,900,000.00 under the Guaranty.

25.     XBS's failure to pay MetaBank $3,900,000.00, including the portion from past due minimum monthly fees and the portion for remaining minimum monthly fees for the duration of the Servicing Agreement, constitutes a breach of the Guaranty.

## COUNT I: BREACH OF CONTRACT

26.     As set forth in this Complaint, XBS is in breach of the Guaranty and its derivative obligations under the Servicing Agreement due to its execution of the Guaranty, therefore, XBS is liable to MetaBank for its breach due to the following: (a) XBS's failure to pay to MetaBank the monthly minimum fees for March 2019 through the present; (b) XBS's unequivocal statement that neither it nor Servicer will pay any additional minimum monthly fees to MetaBank; and (c) failing to perform its obligations of guaranteeing Servicer's performance of its obligations under the Servicing Agreement, including Servicer's payment obligations.

27.    XBS's breach has caused damages to MetaBank in an amount to be proven at trial, but for no less than $3,900,000.00.

28.    Due to XBS's breach of contract, MetaBank is entitled to a judgment in an amount to be proven at trial, but for no less than $3,900,000.00.

## COUNT II: DECLARATORY JUDGMENT

29.    Under 28 U.S.C. § 2201(a) and SDCL chapter 21-24, MetaBank is entitled to a declaration that any actual or attempted termination of the Servicing Agreement does not relieve XBS of its obligation under the Guaranty to pay to MetaBank all minimum monthly fees owed through the duration of the Servicing Agreement which total $3,900,000.00.

WHEREFORE, MetaBank prays for the following relief:

A.    For the relief requested in this Complaint, including a judgment against XBS in an amount to be proven at trial, but for no less than $3,900,000;

B.    For prejudgment and post-judgment interest at the maximum rate allowed by law;

C.    For recovery of costs, disbursements, expenses, and attorney's fees; and

D.    For other relief that the court finds just, lawful, fair, reasonable, or equitable.

Dated at Sioux Falls, South Dakota, this 9th day of August, 2019.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

/s/ *Mitchell A. Peterson*

Mitchell Peterson
206 West 14th Street, PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
map@dehs.com
*Attorneys for Plaintiff*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MetaBank dba Meta Payment Systems

## DEFENDANTS

Conduent Business Services, LLC f/k/a Xerox Business Services, LLC

**(b)** County of Residence of First Listed Plaintiff   Minnehaha
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New Castle
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mitchell A. Peterson - Davenport, Evans, Hurwitz & Smith, LLP
206 West 14th Street - P. O. Box 1030
Sioux Falls, SD  57101-1030

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
Breach of Contract Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/09/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____